IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINA. NO. _3:25-55_ |
| | ) | 18 U.S.C. § 1343 |
| | ) | 18 U.S.C. § 1344 |
| vs. | ) | 18 U.S.C. § 1349 |
| | ) | 18 U.S.C. § 1956(a)(1)(B)(i) |
| DEMANI JAWARA BOSKET | ) | 18 U.S.C. § 1956(h) |
| TANYA LASHAWN BOSKET | ) | 18 U.S.C. § 981(a)(1)(C) |
| NKEM AJOKU | ) | 18 U.S.C. § 982(a)(1) |
| JAHBIR ROLANDO FOWLE | ) | 28 U.S.C. § 2461(c) |
| ANTHONY JEROME SAVAGE | ) | |
| MICHAEL RAYMOND BEVANS-SILVA | ) | |
| WALTER CLAYRON RUFF JR. | ) | |
| CARLISE RAYMION ROLAND | ) | |
| DANIEL ALEXANDER EDWARDS | ) | |
| DANNY HEARD II | ) | |
| RAYMONE TYSHAY SCOTT SR. | ) | |
| JAMIAN JOSHAUN BUTLER | ) | **INDICTMENT** |

## General Allegations

At all times relevant to the Indictment,

1.      "Business Email Compromise (BEC)" attacks refers to a type of fraud targeting companies and individuals who conduct business using wire transfers. BEC attacks frequently employ the use of "spoofed" emails that appear to be the genuine email address of a legitimate business or banking institution. In reality however, the email address is a slight variation of the true email address, and the victim is instead communicating with perpetuators of the scheme. The perpetuators send email messages appearing to be legitimate requests to obtain something of value from the recipient such as proprietary information or requests for money.

2.      BEC attacks may originate in foreign countries. These foreign actors often employ and use domestic accomplices to collect, aggregate, and transfer funds among United States bank

accounts before being sent overseas.

## Relevant Entities and Individuals

3.    **DEMANI JAWARA BOSKET ("BOSKET")** maintained and controlled several

personal and shell company checking accounts, including the following:

| Business Name | State of Formation | Date of Formation | Name of Organizer | Bank | Last Four of Acct # | Sole Acct Signatory |
|---|---|---|---|---|---|---|
| Gulf World Group, LLC | South Carolina | May 5, 2020 | Demani Bosket | Navy FCU | 6902 | Demani Bosket |
| Gulf World Group, LLC | South Carolina | May 5, 2020 | Demani Bosket | Ameris Bank | 9370 | Demani Bosket |
| DJB Recycling & Restoration, LLC | South Carolina | January 27, 2020 | Demani Bosket | Navy FCU | 0847 | Demani Jawara |
| DJB Recycling & Restoration, LLC | South Carolina | January 27, 2020 | Demani Bosket | Ameris Bank | 3695 | Demani Bosket |
| DJB Recycling & Restoration, LLC | South Carolina | January 27, 2020 | Demani Bosket | TD Bank | 9714 | Demani Bosket |
| Boeing Life, LLC | South Carolina | March 24, 2023 | Demani Bosket | Bank of America | 5123 | Demani Bosket |

4.    **TANYA LASHAWN BOSKET ("T. BOSKET")** maintained and controlled

several personal and shell company checking accounts, including the following:

| Business Name | State of Formation | Date of Formation | Name of Organizer | Bank | Last Four of Acct # | Sole Acct Signatory |
|---|---|---|---|---|---|---|
| Erich Schneeberger, LLC | South Carolina | 08/31/2021 | Tanya Bosket | Woodforest | 9995 | Tanya Bosket |

| Erich Schneeberger, LLC | South Carolina | 08/31/2021 | Tanya Bosket | Bank of America | 5344 | Tanya Bosket |
|---|---|---|---|---|---|---|
| TBBY, LLC | South Carolina | 08/17/2021 | Tanya Bosket | TD Bank | 3443 | Tanya Bosket |
| TBBY, LLC | South Carolina | 08/17/2021 | Tanya Bosket | J.P. Morgan Chase | 8886 | Tanya Bosket |
| TBBY, LLC | South Carolina | 08/17/2021 | Tanya Bosket | Wells Fargo | 5462 | Tanya Bosket |

5.     **NKEM AJOKU ("AJOKU")** maintained and controlled several personal and business checking accounts, including the following:

| Business Name | State of Formation | Date of Formation | Name of Organizer | Bank | Last Four of Acct # | Sole Acct Signatory |
|---|---|---|---|---|---|---|
| Stitch Capital, Inc. | Texas | 05/06/2021 | Nkem Ajoku | Wells Fargo | 0917 | Nkem Ajoku |
| Stitch Capital, Inc. | Texas | 05/06/2021 | Nkem Ajoku | Truist | 9646 | Nkem Ajoku |

6.     **JAHBIR ROLANDO FOWLE ("FOWLE")** maintained and controlled several personal and shell company checking accounts, including the following:

| Business Name | State of Formation | Date of Formation | Name of Organizer | Bank | Last Four of Acct # | Sole Acct Signatory |
|---|---|---|---|---|---|---|
| JRF Constructions SC, LLC | South Carolina | 06/15/2023 | Jahbir Fowle | Truist | 9357 | Jahbir Fowle |
| JRF Constructions SC, LLC | South Carolina | 06/15/2023 | Jahbir Fowle | US Bank | 3878 | Jahbir Fowle |

7.     **ANTHONY JEROME SAVAGE ("SAVAGE)** maintained and controlled several

personal and shell company checking accounts, including the following accounts:

| Business Name | State of Formation | Date of Formation | Name of Organizer | Bank | Last Four of Acct # | Sole Acct Signatory |
|---|---|---|---|---|---|---|
| DTCC, Inc. | South Carolina | 04/08/2021 | Demani Bosket | Truist | 3480 | Anthony Savage |

8.     **MICHAEL RAYMOND BEVANS-SILVA ("BEVANS-SILVA")** maintained

and controlled several personal and shell company checking accounts, including the following:

| Business Name | State of Formation | Date of Formation | Name of Organizer | Bank | Last Four of Acct # | Sole Acct Signatory |
|---|---|---|---|---|---|---|
| Stockheimer Management Group, LLC | Florida | May 20, 2022 | Michael R. Bevans-Silva | Fifth Third | 1184 | Michael R. Bevans-Silva |
| Statusquo Consulting Services, LLC | Florida | May 20, 2022 | Michael R. Bevans-Silva | Fifth Third | 9840 | Michael R. Bevans-Silva |

9.     **WALTER CLAYRON RUFF JR. ("RUFF JR.")** maintained and controlled

several personal and shell company checking accounts, including the following:

| Business Name | State of Formation | Date of Formation | Name of Organizer | Bank | Last Four of Acct # | Sole Acct Signatory |
|---|---|---|---|---|---|---|
| WCRSR, LLC | South Carolina | 11/02/2021 | Walter Ruff, Jr. | TD Bank | 6592 | Walter Ruff, Jr. |
| WCRJ, LLC | South Carolina | 02/01/2022 | Walter Ruff, Jr. | Truist | 4679 | Walter Ruff, Jr. |

10.     **CARLISE RAYMION ROLAND ("ROLAND")** maintained and controlled

several personal and shell company checking accounts, including the following:

| Business Name | State of Formation | Date of Formation | Name of Organizer | Bank | Last Four of Acct # | Sole Acct Signatory |
|---|---|---|---|---|---|---|
| CRR Quality, | South | November | Carlise | Truist | 7460 | Carlise |

| LLC | Carolina | 8, 2021 | Roland | | | Roland |

11.    **DANIEL ALEXANDER EDWARDS ("EDWARDS")** maintained and controlled several personal and shell company checking accounts, including the following:

| Business Name | State of Formation | Date of Formation | Name of Organizer | Bank | Last Four of Acct # | Sole Acct Signatory |
|---|---|---|---|---|---|---|
| DNB Global, LLC | Florida | 08/25/2021 | Daniel Edwards | PNC Bank | 8127 | Daniel Edwards |
| DNB Global, LLC | Florida | 08/25/2021 | Daniel Edwards | Bank of America | 2354 | Daniel Edwards |

12.    **DANNY HEARD II ("HEARD")** maintained and controlled several personal and shell company checking accounts, including the following:

| Business Name | State of Formation | Date of Formation | Name of Organizer | Bank | Last Four of Acct # | Sole Acct Signatory |
|---|---|---|---|---|---|---|
| KLMD Global, LLC | South Carolina | 08/20/2021 | Danny Heard, II | Citibank | 7647 | Danny Heard, II |
| DMLK Global, LLC | Florida | 08/18/2021 | Danny Heard, II | TD Bank | 5592 | Danny Heard, II |
| DMLK Global, LLC | Florida | 08/18/2021 | Danny Heard, II | Bank of America | 9848 | Danny Heard, II |

13.    **RAYMONE TYSHAY SCOTT SR ("SCOTT")** maintained and controlled several personal and shell company checking accounts, including the following:

| Business Name | State of Formation | Date of Formation | Name of Organizer | Bank | Last Four of Acct # | Sole Acct Signatory |
|---|---|---|---|---|---|---|
| RSS Quality, LLC | Florida | 08/09/2021 | Raymone Scott | TD Bank | 5849 | Raymone Scott |
| RSS Quality, LLC | Florida | 08/09/2021 | Raymone Scott | Bank of America | 5536 | Raymone Scott |

14.    **JAMIAN JOSHAUN BUTLER ("BUTLER")** maintained and controlled several personal and shell company checking accounts, including the following:

| Business Name | State of Formation | Date of Formation | Name of Organizer | Bank | Last Four of Acct # | Sole Acct Signatory |
|---|---|---|---|---|---|---|

| JSB Quality, LLC | Florida | 08/06/2021 | Jamian Butler | TD Bank | 0003 | Jamian Butler |
|---|---|---|---|---|---|---|

## The Victims

15.    Victim 1 was a company in Boston, Massachusetts that provides point of service systems for restaurants.

16.    Victim 2 is a construction group in New Jersey.

17.    Victim 3 was a title company in Sebastian, Florida.

18.    Victim 4 was a private equity firm in Aventura, Florida.

19.    Victim 5 was the executor of the estate of her common-law husband.

20.    Victim 6 was a real estate company in Dallas, Texas.

21.    Victim 7 was a law firm in Columbia, South Carolina.

22.    Victim 8 was an engineering company in Japan.

23.    Victim 9 was an individual involved in a real estate transaction.

24.    Victim 10 was a specialty metals recycling company in Greenville, Pennsylvania.

<u>COUNT 1</u>

THE GRAND JURY CHARGES:

25.     That beginning at a time unknown but from at least in or about January 2020 and continuing up to and including the date of this Indictment, in the District of South Carolina and elsewhere, the Defendants, **DEMANI JAWARA BOSKET, TANYA LASHAWN BOSKET, NKEM AJOKU, JAHBIR ROLANDO FOWLE, ANTHONY JEROME SAVAGE, MICHAEL RAYMOND BEVANS-SILVA, WALTER CLAYRON RUFF JR., CARLISE RAYMION ROLAND, DANIEL ALEXANDER EDWARDS, DANNY HEARD II, RAYMONE TYSHAY SCOTT SR., JAMIAN JOSHAUN BUTLER**, and others known and unknown to the grand jury, collectively, "The Conspirators," did knowingly and willfully combine, conspire, confederate, agree and have a tacit understanding with each other, to devise and execute a scheme and artifice to defraud and to obtain money and property by means of false and fraudulent pretenses, representations, and promises, and during such period, in the course of executing said scheme and artifice:

a.   transmitted and caused to be transmitted in interstate and foreign commerce, wire communications, including writings, signs, signals, pictures, and sounds, for the purpose of executing the scheme and artifice to defraud, in violation of Title 18, United States Code, Section 1343; and

b.   obtained any of the moneys, funds, credits, assets, securities, or other property owned by, or under the custody of, a financial institution by false or fraudulent pretenses, representations, or promises with intent to defraud; and that the financial institution was then federally insured, for the purpose of executing the scheme and artifice to defraud, in violation of Title 18, United States Code, Section 1344.

<u>THE SCHEME AND ARTIFICE TO DEFRAUD</u>

26.    It was part of the scheme and artifice that The Conspirators monitored email communications for business transactions, including financial transactions and bank transfers. The Conspirators used this information to identify the victims' points of contact, financial accounts, communications, and business practices.

27.    It was part of the scheme and artifice that The Conspirators used spoofed emails to impersonate internal personnel, business partners, vendors, or other interested parties. The Conspirators would initiate payments or direct financial transfers to unauthorized third-party bank accounts they controlled. Such transactions affected multiple financial institutions.

28.    It was part of the scheme and artifice that The Conspirators were based in South Carolina, Georgia, Florida, North Carolina, California and Texas and sent funds to Nigeria, China, Singapore, and India.

29.    It was part of the scheme and artifice that The Conspirators managed and coordinated the subsequent sharing and intermixing of stolen funds through electronic communications, including telephone, email, and various instant messaging systems;

All in violation of Title 18, United States Code, Section 1349.

COUNT 2

THE GRAND JURY FURTHER CHARGES:

30.    Paragraphs 1 through 24 of the General Allegations section of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

31.    Beginning at a time unknown, but from at least on or about October 5, 2021 until on or about October 20, 2021 in the District of South Carolina and elsewhere, the defendants, **DEMANI JAWARA BOSKET** and **DANIEL ALEXANDER EDWARDS,** did knowingly, and with the intent to defraud, devise, and intend to devise, a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, and, for the purpose of executing the scheme and artifice, did knowingly transmit and cause to be transmitted, by means of wire communication in interstate commerce, certain writings, signs, signals, pictures, and sounds.

**The Scheme and Artifice**

32.    The allegations set forth in paragraphs 26 through 29 of Count One above are re-alleged and incorporated as though set forth in full herein.

**Use of Wires**

33.    Beginning at a time unknown, but from at least on or about October 5, 2021 until on or about October 20, 2021 in the District of South Carolina and elsewhere, the defendants, **DEMANI JAWARA BOSKET, DANIEL ALEXANDER EDWARDS,** and others known and unknown to the grand jury, for the purpose of executing and in furtherance of the aforesaid scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations,

9

and promises were false and fraudulent when made, did knowingly cause to be transmitted in interstate commerce, by means of wire communication, certain writings, signs, signals, pictures, and sounds, that is: the money and property of Victim 1, approximately $637,616.34, by intercepting communications, impersonating others, and directing Victim 1 to transfer funds into the bank account of DNB Global, L.L.C. The funds were subsequently diverted to and shared among the bank accounts of DJB Recycling & Restoration, L.L.C., and Gulf World Group, L.L.C.;

In violation of Title 18, United States Code Section 1343.

## COUNT 3

THE GRAND JURY FURTHER CHARGES:

34.     Paragraphs 1 through 24 of the General Allegations section of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

35.     Between in or about October 2021 until on or about January 6, 2022, in the District of South Carolina and elsewhere, the defendants, **DEMANI JAWARA BOSKET, TANYA LASHAWN BOSKET, DANIEL ALEXANDER EDWARDS, RAYMONE TYSHAY SCOTT SR., WALTER CLAYRON RUFF JR.,** and others known and unknown to the Grand Jury, did knowingly, and with the intent to defraud, devise, and intend to devise, a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, and, for the purpose of executing the scheme and artifice, did knowingly transmit and cause to be transmitted, by means of wire communication in interstate commerce, certain writings, signs, signals, pictures, and sounds.

### The Scheme and Artifice

36.     The allegations set forth in paragraphs 26 through 29 of Count One above are re-alleged and incorporated as though set forth in full herein.

### Use of Wires

37.     Between in or about October 2021 until on or about January 6, 2022 in the District of South Carolina and elsewhere, the defendants, **DEMANI JAWARA BOSKET, TANYA LASHAWN BOSKET, DANIEL ALEXANDER EDWARDS, RAYMONE TYSHAY SCOTT SR., WALTER CLAYRON RUFF JR.,** and others known and unknown to the Grand Jury, for the purpose of executing and in furtherance of the aforesaid scheme and artifice to

11

defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, did knowingly cause to be transmitted in interstate commerce, by means of wire communication, certain writings, signs, signals, pictures, and sounds, that is: the money and property of Victim 2, approximately $1,234,848.00, by intercepting wire communications, impersonating others via wire communication, directing the actions of Victim 2 via wire communications to transfer the proceeds into the bank account of DNB Global, L.L.C. The funds were subsequently diverted to and shared among the bank accounts of RSS Quality L.L.C., TBBY, L.L.C., WCRSR, L.L.C, DJB Recycling & Restoration, L.L.C., and Gulf World Group, L.L.C.;

In violation of Title 18, United States Code Section 1343.

COUNT 4

THE GRAND JURY FURTHER CHARGES:

38.     Paragraphs 1 through 24 of the General Allegations section of this Indictment of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

39.     Beginning at a time unknown, but from at least in and about October 2021 until on or about November 10, 2021, in the District of South Carolina and elsewhere, the defendant, **DANIEL ALEXANDER EDWARDS**, and others known and unknown to the Grand Jury, did knowingly, and with the intent to defraud, devised, and intended to devise, a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, and, for the purpose of executing the scheme and artifice, did knowingly transmit and cause to be transmitted, by means of wire communication in interstate commerce, certain writings, signs, signals, pictures, and sounds.

**The Scheme and Artifice**

40.     The allegations set forth in paragraphs 26 through 29 of Count One above are re-alleged and incorporated as though set forth in full herein.

**Use of Wires**

41.     Beginning at a time unknown, but from at least in and about October 2021 until on or about November 10, 2021, in the District of South Carolina and elsewhere, the defendant, **DANIEL ALEXANDER EDWARDS**, and others known and unknown to the Grand Jury, for the purpose of executing and in furtherance of the aforesaid scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent

13

when made, did knowingly cause to be transmitted in interstate commerce, by means of wire communication, certain writings, signs, signals, pictures, and sounds, that is: the money and property of Victim 3, approximately $104,375.00, by intercepting wire communications, impersonating others via wire communication, and directing the actions of Victim 3 via wire communications to transfer the proceeds into the bank account of DNB Global, L.L.C.;

In violation of Title 18, United States Code Section 1343.

COUNT 5

THE GRAND JURY FURTHER CHARGES:

42. Paragraphs 1 through 24 of the General Allegations section of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

43. Beginning at a time unknown, but from at least in and about February 2022 until on or about March 11, 2022 in the District of South Carolina and elsewhere, the defendants, **DEMANI JAWARA BOSKET, NKEM AJOKU, WALTER CLAYRON RUFF, JR., JAMIAN JOSHAUN BUTLER,** and others known and unknown to the Grand Jury, did knowingly, and with the intent to defraud, devise, and intend to devise, a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, and, for the purpose of executing the scheme and artifice, did knowingly transmit and cause to be transmitted, by means of wire communication in interstate commerce, certain writings, signs, signals, pictures, and sounds.

**The Scheme and Artifice**

44. The allegations set forth in paragraphs 26 through 29 of Count One above are re-alleged and incorporated as though set forth in full herein.

**Use of Wires**

45. Beginning at a time unknown, but from at least in and about February 2022 until on or about March 11, 2022 in the District of South Carolina and elsewhere, the defendants, **DEMANI JAWARA BOSKET, NKEM AJOKU, WALTER CLAYRON RUFF, JR., JAMIAN JOSHAUN BUTLER,** and others known and unknown to the Grand Jury, for the purpose of executing and in furtherance of the aforesaid scheme and artifice to defraud, and to

obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, did knowingly cause to be transmitted in interstate commerce, by means of wire communication, certain writings, signs, signals, pictures, and sounds, that is: the money and property of the estate of A.E.S., approximately, $318,981.00, by intercepting wire communications, impersonating others via wire communication, directing the actions of Victim 5 via wire communications to transfer the proceeds into the bank account of WCRJ, L.L.C.  The funds were subsequently diverted to and shared among the bank accounts of WCRSR L.L.C., JSB Quality, L.L.C., Stitch Capital, Inc., and DJB Recycling & Restoration, L.L.C.;

In violation of Title 18, United States Code Section 1343.

COUNT 6

THE GRAND JURY FURTHER CHARGES:

46.     Paragraphs 1 through 24 of the General Allegations section of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

47.     Beginning at a time unknown, but from at least in and about July 2023, until on or about August 21, 2023, in the District of South Carolina and elsewhere, the defendants, **DEMANI JAWARA BOSKET, TANYA LASHAWN BOSKET, NKEM AJOKU, JAHBIR ROLANDO FOWLE,** and others known and unknown to the Grand Jury, did knowingly, and with the intent to defraud, devise, and intend to devise, a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, and, for the purpose of executing the scheme and artifice, did knowingly transmit and cause to be transmitted, by means of wire communication in interstate commerce, certain writings, signs, signals, pictures, and sounds.

**The Scheme and Artifice**

48.     The allegations set forth in paragraphs 26 through 29 of Count One above are re-alleged and incorporated as though set forth in full herein.

**Use of Wires**

49.     Beginning at a time unknown, but from at least in and about July 2023, until on or about August 21, 2023, in the District of South Carolina and elsewhere, the defendants, **DEMANI JAWARA BOSKET, TANYA LASHAWN BOSKET, NKEM AJOKU, JAHBIR ROLANDO FOWLE** and others known and unknown to the Grand Jury, for the purpose of executing and in furtherance of the aforesaid scheme and artifice to defraud, and to obtain money

17

and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, did knowingly cause to be transmitted in interstate commerce, by means of wire communication, certain writings, signs, signals, pictures, and sounds, that is: the money and property of Victim 6, approximately $1,525,890.00 by intercepting communications, impersonating others, and directing Victim 6 to transfer funds into the bank account of JRF Constructions, SC, L.L.C. The funds were subsequently diverted to and shared among the bank accounts of TBBY L.L.C., Stitch Capital Inc., and Boeing Life L.L.C.;

In violation of Title 18, United States Code Section 1343.

## COUNT 7

THE GRAND JURY FURTHER CHARGES:

50.     Paragraphs 1 through 24 of the General Allegations section of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

51.     Beginning at a time unknown, but from at least in and about October 2021, until on or about December 3, 2021, in the District of South Carolina and elsewhere, the defendants, **DEMANI JAWARA BOSKET, TANYA LASHAWN BOSKET, DANNY HEARD II, RAYMONE TYSHAY SCOTT** and others known and unknown to the Grand Jury, did knowingly, and with the intent to defraud, devise, and intend to devise, a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, and, for the purpose of executing the scheme and artifice, did knowingly transmit and cause to be transmitted, by means of wire communication in interstate commerce, certain writings, signs, signals, pictures, and sounds.

### The Scheme and Artifice

52.     The allegations set forth in paragraphs 26 through 29 of Count One above are re-alleged and incorporated as though set forth in full herein.

### Use of Wires

53.     Beginning at a time unknown, but from at least in and about October 2021, until on or about December 3, 2021, in the District of South Carolina and elsewhere, the defendants, **DEMANI JAWARA BOSKET, TANYA LASHAWN BOSKET, DANNY HEARD II, RAYMONE TYSHAY SCOTT,** and others known and unknown to the Grand Jury, for the purpose of executing and in furtherance of the aforesaid scheme and artifice to defraud, and to

obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, did knowingly cause to be transmitted in interstate commerce, by means of wire communication, certain writings, signs, signals, pictures, and sounds, that is: the money and property of Victim 9, approximately $287,548.78, by intercepting communications, impersonating others, and directing Victim 9 to transfer funds into the bank account of DMLK Global, L.L.C. The funds were subsequently diverted to and shared among the bank accounts of TBBY L.L.C., RSS Quality, L.L.C., and Gulf World Group, L.L.C.;

In violation of Title 18, United States Code Section 1343.

## COUNT 8

THE GRAND JURY FURTHER CHARGES:

54.      Paragraphs 1 through 24 of the General Allegations section of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

55.      Beginning at a time unknown, but from at least on or about March 7, 2022, until on or about April 1, 2022, in the District of South Carolina and elsewhere, the defendants, **NKEM AJOKU, CARLISE RAYMION ROLAND,** and others known and unknown to the Grand Jury, did knowingly, and with the intent to defraud, devise, and intend to devise, a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, and, for the purpose of executing the scheme and artifice, did knowingly transmit and cause to be transmitted, by means of wire communication in interstate commerce, certain writings, signs, signals, pictures, and sounds.

### The Scheme and Artifice

56.      The allegations set forth in paragraphs 26 through 29 of Count One above are re-alleged and incorporated as though set forth in full herein.

### Use of Wires

57.      Beginning at a time unknown, but from at least on or about March 7, 2022, until on or about April 1, 2022, in the District of South Carolina and elsewhere, the defendants, **NKEM AJOKU, CARLISE RAYMION ROLAND,** and others known and unknown to the Grand Jury, for the purpose of executing and in furtherance of the aforesaid scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, did knowingly cause to be transmitted in interstate commerce, by

means of wire communication, certain writings, signs, signals, pictures, and sounds, that is: the money and property of Victim 10, approximately $81,089.25, by intercepting communications, impersonating others, and directing Victim 10 to transfer funds into the bank account of CRR Quality, L.L.C. The funds were subsequently diverted to and shared among the bank accounts of Stitch Capital, Inc.;

In violation of Title 18, United States Code Section 1343.

<u>COUNT 9</u>

THE GRAND JURY FURTHER CHARGES:

58.     Paragraphs 1 through 24 of the General Allegations section of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

59.     Beginning at a time unknown, but from at least on or about March 1, 2022, until on or about March 4, 2022, in the District of South Carolina and elsewhere, the defendant, **ANTHONY JEROME SAVAGE,** and others known and unknown to the Grand Jury, did knowingly, and with the intent to defraud, devise, and intend to devise, a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, and, for the purpose of executing the scheme and artifice, did knowingly transmit and cause to be transmitted, by means of wire communication in interstate commerce, certain writings, signs, signals, pictures, and sounds.

### **The Scheme and Artifice**

60.     The allegations set forth in paragraphs 26 through 29 of Count One above are re-alleged and incorporated as though set forth in full herein.

### **Use of Wires**

61.     Beginning at a time unknown, but from at least on or about March 1, 2022, until on or about March 4, 2022, in the District of South Carolina and elsewhere, the defendant, **ANTHONY JEROME SAVAGE,** and others known and unknown to the Grand Jury, for the purpose of executing and in furtherance of the aforesaid scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, did knowingly cause to be transmitted in interstate commerce, by means of wire

communication, certain writings, signs, signals, pictures, and sounds, that is: the money and property of Victim 7, approximately $909,609.60, by intercepting communications, impersonating others, and directing Victim 7 to transfer funds into the bank account of DTCC, Inc.;

In violation of Title 18, United States Code Section 1343.

COUNT 10

THE GRAND JURY FURTHER CHARGES:

      62.    Paragraphs 1 through 24 of the General Allegations section of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

      63.    Between on or about September 30, 2022, until on or about October 3, 2022, in the District of South Carolina and elsewhere, the defendants, **DEMANI JAWARA BOSKET, MICHAEL RAYMOND BEVANS-SILVA,** and others known and unknown to the Grand Jury, did knowingly, and with the intent to defraud, devise, and intend to devise, a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, and, for the purpose of executing the scheme and artifice, did knowingly transmit and cause to be transmitted, by means of wire communication in interstate commerce, certain writings, signs, signals, pictures, and sounds.

**The Scheme and Artifice**

      64.    The allegations set forth in paragraphs 26 through 29 of Count One above are re-alleged and incorporated as though set forth in full herein.

**Use of Wires**

      65.    Between on or about September 30, 2022, until on or about October 3, 2022, in the District of South Carolina and elsewhere, the defendants, **DEMANI JAWARA BOSKET, MICHAEL RAYMOND BEVANS-SILVA,** and others known and unknown to the Grand Jury, for the purpose of executing and in furtherance of the aforesaid scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were

25

false and fraudulent when made, did knowingly cause to be transmitted in interstate commerce, by means of wire communication, certain writings, signs, signals, pictures, and sounds, that is: the money and property of Victim 8, approximately $107,240.00, by intercepting wire communications, impersonating others via wire communication, and directing the actions of Victim 8 via wire communications to transfer the proceeds into the bank account of Stockheimer Management Group, L.L.C. The funds were subsequently diverted to and shared among the bank accounts of Gulf World Group, L.L.C. and Statusquo Consulting Services, L.L.C.;

In violation of Title 18, United States Code Section 1343.

COUNT 11

THE GRAND JURY FURTHER CHARGES:

66.     Paragraphs 1 through 24 of the General Allegations section of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

67.     Beginning at a time unknown, but from at least on or about February 18, 2022, until on or about February 22, 2022, in the District of South Carolina and elsewhere, the defendant, **TANYA LASHAWN BOSKET** and others, known and unknown to the Grand Jury, did knowingly, and with the intent to defraud, devise, and intend to devise, a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, and, for the purpose of executing the scheme and artifice, did knowingly transmit and cause to be transmitted, by means of wire communication in interstate commerce, certain writings, signs, signals, pictures, and sounds.

**The Scheme and Artifice**

68.     The allegations set forth in paragraphs 26 through 29 of Count One above are re-alleged and incorporated as though set forth in full herein.

**Use of Wires**

69.     Beginning at a time unknown, but from at least on or about February 18, 2022, until on or about February 22, 2022,  in the District of South Carolina and elsewhere, the defendant, **TANYA LASHAWN BOSKET,** and others known and unknown to the grand jury, for the purpose of executing and in furtherance of the aforesaid scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent

when made, did knowingly cause to be transmitted in interstate commerce, by means of wire communication, certain writings, signs, signals, pictures, and sounds, that is: the money and property of Victim 4, approximately $110,135.89, by intercepting communications, impersonating others, and directing Victim 4 to transfer funds into the bank account of Erich Schneeberger, L.L.C.;

In violation of Title 18, United States Code Section 1343.

COUNT 12

THE GRAND JURY FURTHER CHARGES:

74.     The allegations set forth in paragraphs 1 through 24 and 26 through 29 of Count One above are re-alleged and incorporated as though set forth in full herein.

75.     Beginning in a time unknown, but from at least in or about January 2020, through on or about the date of this indictment, in the District of South Carolina and elsewhere, the defendants, **DEMANI JAWARA BOSKET, TANYA LASHAWN BOSKET, NKEM AJOKU, JAHBIR ROLANDO FOWLE, ANTHONY JEROME SAVAGE, MICHAEL RAYMOND BEVANS-SILVA, WALTER CLAYRON RUFF JR., DANIEL ALEXANDER EDWARDS, DANNY HEARD II, RAYMONE TYSHAY SCOTT SR., JAMIAN JOSHAUN BUTLER,** and others known and unknown to the grand jury, collectively, "The Conspirators," did knowingly and intentionally conspire, confederate, and agree with each other and with other persons, known and unknown to the Grand Jury, to commit offenses in violation of Title 18, United States Code, Section 1956, specifically:

a) To knowingly conduct and attempt to conduct financial transactions affecting interstate commerce, which in fact involved the proceeds of specified unlawful activity, that is, wire fraud, with the intent to promote the carrying on of said specified unlawful activity, and while conducting such financial transactions knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i).

b) To knowingly conduct and attempt to conduct financial transactions affecting interstate commerce, which in fact involved the proceeds of specified unlawful

activity, that is, wire fraud, knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and while conducting such financial transactions knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i);

All in violation of Title 18, United States Code, Section 1956(h).

**FORFEITURE**

FRAUD/CONSPIRACY:

Upon conviction to violate Title 18, United States Code, Sections 1343, 1344 and 1349 as charged in this Indictment, the Defendants, **DEMANI JAWARA BOSKET, TANYA LASHAWN BOSKET, NKEM AJOKU, JAHBIR ROLANDO FOWLE, ANTHONY JEROME SAVAGE, MICHAEL RAYMOND BEVANS-SILVA, WALTER CLAYRON RUFF JR., CARLISE RAYMION ROLAND, DANIEL ALEXANDER EDWARDS, DANNY HEARD II, RAYMONE TYSHAY SCOTT SR., JAMIAN JOSHAUN BUTLER**, shall forfeit to the United States any property, real or personal, constituting, derived from or traceable to proceeds the Defendants obtained directly or indirectly as a result of such offenses.

MONEY LAUNDERING:

Upon conviction to violate Title 18, United States Code, Section 1956 as charged in this Indictment, the Defendants, **DEMANI JAWARA BOSKET, TANYA LASHAWN BOSKET, NKEM AJOKU, JAHBIR ROLANDO FOWLE, ANTHONY JEROME SAVAGE, MICHAEL RAYMOND BEVANS-SILVA, WALTER CLAYRON RUFF JR., DANIEL ALEXANDER EDWARDS, DANNY HEARD II, RAYMONE TYSHAY SCOTT SR., JAMIAN JOSHAUN BUTLER**, shall forfeit to the United States any property, real or personal, constituting, derived from or traceable to proceeds the Defendants obtained directly or indirectly as a result of such offense, and any property, real or personal, involved in a transaction or attempted transaction in violation of 18 U.S.C. § 1956, as charged in the Indictment, or any property traceable to the offense.

PROPERTY:

Pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(1), and Title 28, United States Code, Section 2461(c), the property subject to forfeiture includes, but is not limited to, the following:

A.  Proceeds/Forfeiture Judgment:

A sum of money equal to all proceeds the Defendants obtained directly or indirectly as the result of the offenses charged in this Indictment, that is, a minimum of $9,000,000 in United States currency, and all interest and proceeds traceable thereto, and/or such sum that equals all property derived from or traceable to their violation of 18 U.S.C. §§ 1343, 1344 and 1349.

B.  Proceeds/Money Laundering:

A sum of money equal to all property involved in the money laundering offense charged in this Indictment, and all interest and proceeds traceable thereto, for which the Defendants are liable as the result of their violation of 18 U.S.C. § 1956.

C.  Bank Accounts:

(1)  $113,427.84 in funds seized from Truist Bank
Account Number:  xxx8708
In the name of: Michael Bevans-Silva

(2)  $58,385.80 in funds seized from Wells Fargo Bank
Account Number: xxx5462
In the name of: Tanya L. Bosket

(3)  $107,485.00 in funds seized from TD Bank
Account Number: xxx8774
In the name of Uzodinma Nwafor

SUBSTITUTION OF ASSETS:

If any of the property described above as being subject to forfeiture, as a result of any act or omission of a Defendant:

(a)  cannot be located upon the exercise of due diligence;

(b)  has been transferred or sold to, or deposited with, a third person;

(c)  has been placed beyond the jurisdiction of the Court;

(d)  has been substantially diminished in value; or

(e)  has been commingled with other property which cannot be subdivided without difficulty;

it is the intention of the United States, pursuant to Title 18, United States Code, Section 982(b)(1),

incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property

of the Defendant up to the value of the forfeitable property.

Pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(1), and Title

28, United States Code, Section 2461(c).

A _____ true _____ Bill



FOREPERSON

ADAIR F. BOROUGHS
UNITED STATES ATTORNEY

By: _____  for
A. Lothrop Morris (Fed. ID # 14069)
Assistant United States Attorney
1441 Main Street, Suite 500
Columbia, South Carolina 29201
Tel.    803-929-3000
Fax.    803-254-2912
Email: Lothrop.Morris@usdoj.gov

By: _____
T. DeWayne Pearson. (Fed. ID # 07863)
Assistant United States Attorney
1441 Main Street, Suite 500
Columbia, SC 29201
Tel: 803-929-3000
Fax: 803-254-2912
DeWayne.Pearson@usdoj.gov